**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT


| | |
|---|---|
| PETER C. BRONSON; CAROLYN P. BRONSON,<br><br>        Petitioners - Appellants,<br><br>  v.<br><br>COMMISSIONER OF INTERNAL REVENUE,<br><br>        Respondent - Appellee. | No. 12-72342<br><br>Tax Ct. No. 26463-08<br><br>MEMORANDUM* |
| PETER C. BRONSON; CAROLYN P. BRONSON,<br><br>        Petitioners - Appellants,<br><br>  v.<br><br>COMMISSIONER OF INTERNAL REVENUE,<br><br>        Respondent - Appellee. | No. 12-72343<br><br>Tax Ct. No. 17478-08 |

Appeals from Decisions of the
United States Tax Court

---

    \*    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted January 21, 2015

Before: CANBY, GOULD, and N.R. SMITH, Circuit Judges.

Peter C. Bronson, an attorney, and Carolyn P. Bronson appeal pro se from the Tax Court's decisions, after a bench trial, upholding the Commissioner of Internal Revenue's determination of income tax deficiencies for tax years 2001-05, and liability for an understatement penalty in tax years 2004 and 2005. We have jurisdiction under 26 U.S.C. § 7482(a)(1). We review de novo the Tax Court's legal conclusions, *Ann Jackson Family Found. v. Comm'r*, 15 F.3d 917, 920 (9th Cir. 1994), and for clear error its factual determinations, *Hansen v. Comm'r*, 471 F.3d 1021, 1028 (9th Cir. 2006). We affirm.

The Tax Court did not clearly err in determining that the preponderance of the evidence showed that the Bronsons were not engaged in horse-training and breeding activity for profit within the meaning of 26 U.S.C. § 183. *See Comm'r v. Groetzinger*, 480 U.S. 23, 35 (1987) ("[T]o be engaged in a trade or business, . . . the taxpayer's primary purpose for engaging in the activity must be for income or profit."); *see also Hansen*, 471 F.3d at 1028 (Tax Court's weighing of the evidence will be upheld unless there is a "definite and firm conviction that a mistake has

---

** The panel unanimously concludes these cases are suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

been committed" (citation and internal quotation marks omitted)).

The Tax Court did not clearly err by imposing an accuracy-related penalty for the Bronsons' underpayment of tax due to their substantial understatement of income tax. *See* 26 U.S.C. § 6662(a), (b)(2) (authorizing penalty equal to 20% of the underpayment for, among other things, a substantial understatement of income tax); *id.* § 6662(d)(1)(A) (defining substantial understatement).

**AFFIRMED.**